**SO ORDERED.**

**SIGNED this 4 day of November, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| SARAH R. KIMMEL, | CHAPTER 13 |
| | CASE NUMBER: 14-00247-5-RDD |
| DEBTOR | |
| | |
| MICHAEL FIELDS, | ADVERSARY PROCEEDING |
| BRENDA FIELDS, | NUMBER: 14-00006-5-RDD |
| Plaintiffs | |
| v. | |
| SARAH R. KIMMEL | |
| Defendant. | |

## ORDER

Pending before the Court is the Motion to Dismiss Adversary Proceeding (the "Motion") filed by Sarah R. Kimmel (the "Defendant") on June 19, 2014. On October 20, 2014, the Court conducted a hearing on the Motion in Greenville, North Carolina.

Michael Fields and Brenda Fields (the "Plaintiffs") filed a Complaint on April 21, 2014 initiating this adversary proceeding against the Defendant (the "Complaint"). The Plaintiffs filed an Amended Complaint on May 2, 2014 (the "Amended Complaint"). Plaintiffs are Intervenors in a

Pitt County, North Carolina District Court case against the Defendant. The District Court Case is styled: *Ryan A. Fields, Plaintiff v. Sarah R. Fields (Now Kimmel) Defendant; Brenda and Michael Fields, Intervenors;* File No. 07-CVD-3008 ( the "State Court Action").   In the State Court Action, Plaintiffs were allowed to intervene on August 8, 2010 for the purpose of pursuing a child custody claim to protect and support the minor children of Defendant and her former spouse, Ryan Fields, who is the son of the Plaintiffs. The children at issue in the state action are Intervenors' grandchildren.

Plaintiffs were awarded counsel fees by entry of an Order Allowing Counsel Fees and Costs (hereinafter "the Debt") in the State Court Action in the amount of Ninety-Seven Thousand Eight Hundred Seventy-Five and 04/100 Dollars ($97,875.04). *Fields v. Fields,* No. 07-CVD-3008 at 14 (N.C.Dist.Ct.  Nov. 18, 2013) (the "November 18 Order"). Within two months of the entry of that Order, Defendant filed her Chapter 13 bankruptcy case. The Defendant only made one partial payment to the Plaintiffs as required by the November 18 Order.  Plaintiffs filed a Proof of Claim No. 5 on April 21, 2014 in Defendant's bankruptcy case in the amount of Ninety-Eight Thousand Four Hundred Forty-One and 31/100 ($98,441.32).

Plaintiffs' Amended Complaint alleges that the Debt owed to the Plaintiffs is a nondischargeable debt as the Debt is in the nature of a domestic support obligation pursuant to 11 U. S. C. § 523 (a)(5).  In the alternative, the Plaintiffs contend that the Debt is nondischargeable because the Debt was obtained by false pretenses, false representation or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A); and because the Debt was awarded in a civil action against the debtor as a result of willful and malicious injury pursuant to 11 U.S.C. § 1328 (a)(4).

On June 19, 2014, the Defendant filed a Motion to Dismiss, requesting the Court dismiss the Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc. (In re Caremerica, Inc.)* 409 B.R. 737, 745 (Bankr. E.D.N.C. July 23, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)).

Pursuant to the first claim for relief, Plaintiffs argue that the Debt is nondischargeable because the Debt was incurred as a result of Defendant's false pretenses, false representation and actual fraud committed in the State Court Action. Section 523(a)(2)(A) of the United States Bankruptcy Code (the"Code") provides:

> (a) A discharge under section 727, 1141, 1228(a),1228(b), or1328(b) of this title does not discharge an individual debtor from any debt–
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523 (a)(2)(A).

The Defendant contends that the Plaintiffs fail to allege sufficient facts to support a claim under 11 U.S.C. § 523(a)(2)(A).  Specifically, Defendant argues that Plaintiffs have failed to allege facts showing that the Defendant obtained something through false pretenses, a false representation, or actual fraud. According to the Fourth Circuit's holding in *Nunnery v. Rountree*,  in order for the plaintiff to have a viable claim under  § 523(a)(2)(A) of the Code, the plaintiff must show that the Defendant received or obtained something through the alleged fraud. *Nunnery v. Rountree*, 478 F.3d

3

215 (4th Cir. Va. 2007). The Defendant argues that the Plaintiffs have not plead sufficient facts to support a claim pursuant to § 523(a)(2)(A) and therefore, the claim does not survive the Rule 12(b)(6) challenge.  This Court agrees the Plaintiffs' pleading alleging a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A) are insufficient to state a claim for relief against the Defendant and should be dismissed.

The Defendant also contends that the Plaintiffs fail to allege sufficient facts to support a claim alleging that there has been a willful and malicious injury pursuant to section 1328(a)(4) of the Code.  Section 1328(a)(4) of the Code states in relevant part:

> the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt–
>
> > **(4)** for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C. § 1328(a)(4).

The Defendant argues that the North Carolina Supreme Court in *Misenheimer v. Burris*, stated that, "personal injury could be defined as either any harm caused to a person, such as a broken bone, a cut, or a bruise; bodily injury, or any invasion of a personal right, including mental suffering and false imprisonment."*Misenheimer v. Burris*, 360 N.C. 620, 623-624 (N.C. 2006),  citing Black's Law Dictionary 802 (8th ed. 2004).  According to the definition articulated in *Misenheimer*, the Defendant argues that Plaintiffs have not articulated sufficient facts in the Complaint or Amended Complaint to show that there has been any malicious injury to the Plaintiffs.  This Court agrees the Plaintiffs' pleadings regarding willful and malicious injury are insufficient to state a claim for relief against the Defendant and therefore do not survive a Rule 12(b)(6) challenge.

Finally, Defendant argues that the Debt is not a dischargeable domestic support obligation. First, Defendant argues that the Plaintiffs are not a debtor's spouse, former spouse, or child and therefore the claim regarding domestic support cannot survive a Rule 12(b)(6) challenge. This Court disagrees.

The Code has specifically defined a Domestic Support Obligation as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>
> (A) owed to or recoverable by–
>
> (I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

11 U.S.C. § 101 (14A).

Plaintiffs incorporate three state court orders entered in the State Court Action to both the Complaint and the Amended Complaint. The Honorable P. Gwynett Hilburn, District Court Presiding Judge, stated in an Order entered on June 4, 2012 that "on October 5, 2010, after Intervenors were allowed to intervene in this action and following a trial on their Motion for Custody, and Order of Temporary custody was entered granting temporary legal and physical custody of the minors to the Intervenors." *Fields v. Fields,* No. 07-CVD-3008 at 2 (N.C.Dist.Ct. Jun. 4, 2012). By incorporating the state court findings into the pleading, Plaintiffs allege sufficient factual support for the conclusion that, although temporarily, Plaintiffs as Intevenors in the State Court

5

Action, were the legal custodians or guardians of the minors for a time. Also, the Plaintiffs certainly fit the definition of responsible relative.

Second, Defendant claims the award of attorney's fees to the grandparent Plaintiffs is not in the nature of maintenance or support. In determining whether a debt is in the nature of support, this Court has previously held, "when the claim arises from a court order, as it does in the present case, 'the issue is whether the court issuing the order intended for the obligation to be in the nature of support.'" *In re Edinger* Case No: 14-01966-5-RDD at 9 (Bankr. E.D.N.C. Oct. 16, 2014); citing *In re Baker*, 2012 WL 6186683 *4 (Bankr. E.D.N.C. Dec. 12, 2012); See *In re Bowen*, 2010 Bankr.LEXIS 1520, at *14, 2010 WL 1855871 (Bankr.E.D.N.C. May 10, 2010) (considering the findings made by the state court judge to determine whether that judge intended for the obligation arising from the court order to be in the nature of support); *In re Bennett*, 2009 Bankr.LEXIS 4398, at *4–7 (Bankr.E.D.N.C. February 9, 2009) (determining whether the state court intended for a debt to be in the nature of support when the debt arose from a court order). In addition to whether the award of fees was in the nature of support, "several courts have held that fees awarded to an attorney representing the best interests of the children in divorce litigation are in the nature of support." *In re Edinger* Case No: 14-01966-5-RDD (Bankr. E.D.N.C. Oct. 16, 2014); *See, e.g., In re Blaemire*, 229 B.R. 665, 668 (Bankr.D.Md.1999); *In re Soffee*, 337 B.R. 837, 840 (Bankr.E.D.Va.2004); see also *In re Maddigan*, 312 F.3d 589, 594 (2d Cir.2002) (custody dispute). In the Amended Complaint, Plaintiffs include factual support for the claim that the Debt owed to them is in the nature of a domestic support obligations pursuant to Section 523 (a)(5) of the Code. Plaintiffs cite particular findings of fact from the state court orders to support the pleading. In one instance, Plaintiffs cite the November 18 Order entered by Judge Hilburn stating that "during the period of time that the

Plaintiffs had custody of the minor children, they incurred financial expenses in order to support the minor children, including but not limited to clothing, food, childcare, afterschool activities, and camps" and that "Defendant did not pay any direct financial support for the benefit of the minor children while they were in the custody of the Plaintiffs for a period of over fifteen (15) moths [sic]." *Fields v. Fields,* No. 07-CVD-3008 at 9 (N.C.Dist.Ct. Nov. 18, 2013). In the Amended Complaint, Plaintiffs assert the Debt was one that was necessary to support Defendant's children. Further, the counsel fees award under state law could have only been made upon a showing of financial necessity by Plaintiffs, and therefore was intended to be an award of support.

Further, custody of the minor children in this case was awarded to the Plaintiffs to protect the best interest of the minor children. In an Order entered by Judge Hilburn on October 5, 2010 (the "October 5 Order"), the Court stated that the Plaintiffs were awarded custody of the minor children because the Defendant was unfit to properly care for the children. The Court stated, " Defendant's actions evidence a pattern of placing her own interest and desires before the best interest of the minor children" and the "Defendant is an unfit and improper person to have the temporary care, custody and control of the minor children. Her actions . . . constitute conduct that is inconsistent with the presumption that Defendant will act in the children's best interest and conduct that is inconsistent with her constitutionally-protected parental status." *Fields v. Fields,* No. 07-CVD-3008 at 16-17 (N.C.Dist.Ct. May. 31, 2012). The Court further stated, "Intervenors will promote the children's best interest and not their own interests with respect to the Plaintiff and Defendant" and " it is in the best interest of the minor children that their custody be placed exclusively with Intervenors on a temporary basis." *Id* at 19. It is clear that the fees were awarded for a proceeding that was serving the best interest of the minor children. With respect to the claim

that the Debt is a domestic support obligation, this Court finds that the Plaintiffs have alleged sufficient and particular facts in the pleading to survive a Rule 12(b)(6) challenge.

The Court holds the Complaint and Amended Complaint fail to allege sufficient factual allegations as to the elements for a claim for nondischargeability based on false pretense or fraud pursuant to 11 U.S.C. § 523(a)(2)(A). The Court also holds that the Complaint fails to allege sufficient factual allegations to support a claim of nondischargeability for the Debt based on willful or malicious injury pursuant to 11 U.S.C. § 1328 (a)(4). Therefore, the Defendant's Motion to Dismiss as to these claims is **GRANTED.**

This Court holds the Amended Complaint alleges sufficient factual allegations to support the nondischargeability of the Debt as a domestic support obligation pursuant to 11 U.S.C. § 523(a)(5) and therefore the Defendant's Motion to Dismiss as to this claim is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**