**SO ORDERED.**

**SIGNED this 4 day of March, 2015.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

SARAH R. KIMMEL,                    CASE NUMBER: 14-00247-5-SWH
                                    CHAPTER 13
    DEBTOR

MICHAEL FIELDS,
BRENDA FIELDS,

    Plaintiffs                      ADVERSARY PROCEEDING
                                    NUMBER: 14-00006-5-SWH
    v.

SARAH R. KIMMEL

    Defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on the Motion for Summary Judgment filed by Michael Fields and Brenda Fields ("plaintiffs") in this adversary proceeding. The court conducted a hearing on the motion in Greenville, North Carolina. The plaintiffs seek an order finding that Proof of Claim Number 5 filed by the plaintiffs in the bankruptcy case of Sarah R. Kimmel ("defendant") is a domestic support obligation as defined by 11 U.S.C. § 101(a)(14A) and that the debt is

nondischargeable pursuant to 11 U.S.C. 523 § (a)(5). Also pending before the court is the defendant's Motion to Compel Discovery filed on January 14, 2015.

## JURISDICTION

This court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and this motion for summary judgment is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(i), which this court may hear and determine.

## BACKGROUND

The plaintiffs filed a complaint on April 21, 2014 initiating this adversary proceeding against the defendant. The plaintiffs filed an Amended Complaint on May 2, 2014 (the "Amended Complaint"). Plaintiffs are Intervenors in a Pitt County, North Carolina District Court case against the defendant. The District Court Case is styled: Ryan A. Fields, Plaintiff v. Sarah R. Fields (Now Kimmel) defendant; Brenda and Michael Fields, Intervenors; File No. 07-CVD-3008 ("State Court Action"). In the State Court Action, plaintiffs were allowed to intervene on August 8, 2010 for the purpose of pursuing a child custody claim to protect and support the minor children of the defendant and her former spouse, Ryan Fields, who is the son of the plaintiffs. The children at issue in the State Court Action are the plaintiffs' grandchildren. The plaintiffs were awarded temporary custody pursuant to an Order entered by the Honorable P. Gwynett Hilburn, District Court Presiding Judge, on October 5, 2010 (the "October 5 Order").

Plaintiffs were awarded counsel fees in the amount of Ninety-Seven Thousand Eight Hundred Seventy-Five and 04/100 Dollars ($97,875.04) by Judge Hilburn in an Order Allowing Counsel Fees and Costs in the State Court Action. Fields v. Fields, No. 07-CVD-3008 at 14 (N.C.Dist.Ct. Nov. 18, 2013) ("November 18, 2013 Order"). Within two months of the entry of that

Order, the defendant filed her chapter 13 bankruptcy case. The defendant only made one partial payment to the plaintiffs as required by the November 18, 2013 Order. The plaintiffs filed Proof of Claim No. 5 on April 21, 2014 in the defendant's bankruptcy case for the award of counsel fees and costs in the amount of Ninety-Eight Thousand Four Hundred Forty-One and 31/100 ($98,441.32) ("Debt").

The plaintiffs' Amended Complaint alleges that the Debt owed to the plaintiffs is a nondischargeable debt pursuant to 11 U.S.C. § 523 (a)(5) as the Debt is in the nature of a domestic support obligation pursuant to 11 U.S.C. § 101(14A). On November 26, 2014, the plaintiffs moved this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure made applicable to this matter by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted). The plaintiffs contend that there is no genuine issue as to any material fact in this matter as the

November 18, 2013 Order which resulted from the State Court Action conclusively decided the issues as to the nature of the Debt as a nondischargeable domestic support obligation and therefore should be afforded collateral estoppel effect, thereby entitling the plaintiffs to summary judgment.

Principles of collateral estoppel apply to bankruptcy dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284 (1991). To determine the preclusive effect of a state court judgment, "the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel." In re Ansari, 113 F.3d 17 (4th Cir. 1997); see also Duncan v. Duncan, 448 F.3d 725 (4th Cir. 2006). If collateral estoppel is to apply in North Carolina (1) the issues must be the same as in the prior action; (2) the issues must have been raised and actually litigated in the prior action; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment on the merits. Burton v. City of Durham, 118 N.C. App. 676, 680 (1995) (citing Thomas M. McInnis & Associates, Inc. v. Hall, 318 N.C. 421, 428-29 (1986).

The defendant argues that the plaintiffs are not entitled to summary judgement because the court cannot find that the debt is nondischargeable as a domestic support obligation pursuant to 11 U.S.C. §101 (14A) as a matter of law.

The Code specifically defines a Domestic Support Obligation as follows:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>     (A) owed to or recoverable by–
>         (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>         (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the

>debtor or such child's parent, without regard to whether such debt is expressly so designated;

11 U.S.C. § 101 (14A). First, the defendant contends that the plaintiffs are not a debtor's spouse, former spouse, or child and therefore the debt owed to them cannot be a domestic support obligation. Secondly, the defendant argues that there are genuine issues of material fact for this court to determine regarding the Debt's categorization as a domestic support obligation, namely, whether the Debt is in the nature of alimony, maintenance, or support.

On the other hand, the plaintiffs contend that all relevant issues pertaining to the qualification of the Debt as a domestic support obligation have been conclusively decided in the State Court Action. If the plaintiffs are correct, the Rooker-Feldman doctrine bars this court from reviewing the final determinations made by Judge Hilburn in the State Court Action, and thus those determinations must be given collateral estoppel effect in this adversary proceeding.

The Rooker-Feldman doctrine is defined as, "[t]he rule that a federal court cannot consider claims actually decided by a state court or claims inextricably intertwined with an earlier state-court judgment." In re Shotwell Landfill, Inc., 2014 WL 3487670 *4 (Bankr. E.D.N.C. Jul. 14, 2014); citing BLACK'S LAW DICTIONARY 1527 (10th ed. 2014) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923); and District of Columbia Ct. of App. v. Feldman, 460 U.S. 426, 476, 103 S.Ct. 1303, 1311 (1983)). This court has previously held that, "[u]nder the Rooker-Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." In re Shotwell Landfill, Inc., 2014 WL 3487670 *5; citing Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

The court finds that the State Court Action conclusively decided that the Debt is a domestic support obligation. In arriving at that conclusion, the court examined the three state court orders entered in the State Court Action which the plaintiff incorporated into both the Complaint and the Amended Complaint. First, this court finds that the State Court Action finally determined that the plaintiffs were the "legal guardians" and "responsible relatives" as contemplated by 11 U.S.C. § 101 (14A)(A)(I). In an Order entered on June 4, 2012 in the State Court Action ("June 4, 2012 Order"), Judge Hilburn stated that "on October 5, 2010, after Intervenors were allowed to intervene in this action and following a trial on their Motion for Custody, an Order of Temporary custody was entered granting temporary legal and physical custody of the minors to the Intervenors." Fields v. Fields, No. 07-CVD-3008 at 2 (N.C.Dist.Ct. Jun. 4, 2012). The June 4, 2012 Order also stated that, "[t]he minor children have lived with their paternal grandparents since . . . August 17, 2010." Fields v. Fields, No. 07-CVD-3008 at 16. The findings of fact made by Judge Hilburn in the State Court Action demonstrate to this court that the plaintiffs were the legal custodians or guardians of the minor children and their responsible relatives for a time. *Id. at 19.* Therefore, this court holds that the issue as to whether the plaintiffs were the legal guardians and responsible relatives of the minor children pursuant to 11 U.S.C. § 101 (14A) for at least a period of time was conclusively decided by the State Court Action and therefore this court has no jurisdiction to review that issue. The state court's findings with regard to this issue will be afforded collateral estoppel effect and will not be relitigated in this court.

This court also found that the issue as to whether the Debt was in the nature of maintenance and support (required by § 101(14A)(B)) was also conclusively determined by the State Court Action. The November 18, 2013 Order Allowing Counsel Fees and Costs took judicial notice of the

6

findings of fact in the October 5, 2010 Order and the June 4, 2012 Order and " relying on the 25 pages plus numerous exhibits" in the decision to award the Debt to the plaintiffs. Fields v. Fields, No. 07-CVD-3008 at 3,4 (N.C. Dist. Ct. Nov. 18, 2013). It is clear to this court that the award of the Debt was in the nature of support for the minor children and in the nature of maintenance for the elderly plaintiffs.

      As to support of the minor children, Judge Hilburn, in the November 18, 2013 Order, specifically found that, "[d]uring the period of time that the Intervenors had custody of the minor children, they incurred financial expenses in order to support the minor children, including but not limited to clothing, food, childcare, afterschool activities, and camps." Fields v. Fields, No. 07-CVD-3008 at 9 (N.C. Dist. Ct. Nov. 18, 2013). Judge Hilburn also pointed out that the defendant "did not pay any direct financial support for the benefit of the minor children while they were in the custody of the Intervenors for a period of over fifteen (15) months." Id at 9. The state court also considered the accommodations provided to the minor children by the plaintiffs by noting that, "[w]hen Intevenors were awarded custody of the minor children in August of 2010, they removed their house listing from the market and decided to remain in the home for the time being so that the minor children would have familiar housing and adequate accommodations." Id at 8. The findings of fact in the State Court Action make it clear to this court that the Debt was awarded in the nature of support for the minor children.

      This court also finds that the award of the Debt was in the nature of maintenance of the legal guardians and responsible relatives, the plaintiffs. The findings of fact in the November 18, 2013 Order go into great detail regarding the financial burden placed on the plaintiffs for the welfare of the children and for the best interest of the children. Judge Hilburn explained that the plaintiffs had

7

intended to sell their family home to downsize and retire, but removed their house listing from the market in order to provide a stable and familiar home for the minor children. See Id at 7,8. The state court's findings of fact considered that the female plaintiff committed to work past her intended retirement date in order to generate income to pay counsel fees. Id at 8. The findings of fact considered that the plaintiffs had to take out savings from an investment account, take out a home equity line of credit, and use their Social Security income all to pay counsel fees. Id at 8. Further, the November 18, 2013 Order specifically concluded that the, "Intervenors have had to unreasonably deplete their retirement funds and the estate that it took their entire working and married lives to accumulate. In addition, the Intervenors have lost any passive growth on their retirement funds they accessed in order to pay their legal fees. Given their ages, the retirement savings Intervenors have left is insufficient." Id at 10.

     Based on the findings of fact made by the state court, this court finds that award of the Debt in the State Court Action is in the nature of maintenance and support and was made to reimburse the plaintiffs for the expenses they incurred while supporting and providing for the minor children over the fifteen months that the children were in the plaintiff's sole custody. The Debt was awarded to the plaintiffs by Judge Hilburn after considering the over all financial burden they incurred for supporting the children by providing food, clothing, childcare, housing, afterschool activities, and camps. Judge Hilburn also took into account that defendant's ability to pay the Debt. Id at 12. The Debt awarded was also in the nature of maintenance for the plaintiffs. Judge Hilburn's analysis of the financial burden on the plaintiffs, in conjunction with her findings that the plaintiffs had no choice but to incur these counsel fees and cost, unreasonably depleting their retirement accounts and means to provide for themselves for the remainder of their lives, demonstrate to this court that the

award was in the nature of maintenance of the plaintiffs.  Id at 10.  Also supporting this conclusion is Judge Hilburn's analysis of the life expectancy of the plaintiffs and the corresponding earning potential which resulted in the conclusion that the plaintiffs would not have sufficient time to make up for their lost retirement. Id at 10.

Because the State Court Action conclusively decided the issues which make up the essential elements of the matter presently before the court, the Rooker-Feldman doctrine dictates that the court lacks jurisdiction to review those state court findings.  Therefore based upon the findings made by Judge Hilburn in the State Court Action, no genuine issues of material fact exist regarding whether the Debt is a domestic support obligation.  The issue of whether the plaintiffs were the legal guardians or responsible relatives and the issue of whether the Debt awarded was in the nature of maintenance of support will be given collateral estoppel effect because both issues were raised and litigated in the prior action, were certainly material and relevant to the deposition of the action, and were necessary and essential to the state court's decision to award the Debt to the plaintiffs.

Therefore this court finds that the Debt listed in Proof of Claim Number 5 filed by the plaintiffs in the bankruptcy case of Sarah R. Kimmel is a domestic support obligation as defined by 11 U.S.C. § 101(a)(14A) and that the Debt is nondischargeable pursuant to 11 U.S.C. § 523 (a)(5). The plaintiffs' Motion for Summary Judgment  is **GRANTED.**

This court further holds that the Motion to Compel filed by the defendant's is hereby rendered moot by the entry of this Order.

## END OF DOCUMENT